IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LESTER S. SCHWARTZ, *as Trust Protector of the Wellin Family 2009 Irrevocable Trust*, <br><br> Plaintiff, <br><br> vs. <br><br> PETER J. WELLIN, *et. al.*, <br><br> Defendants. | No. 2:13-cv-3595-DCN <br><br><br><br><br> **ORDER** |

This matter is before the court on two motions. The first is a motion to dismiss filed by defendants Peter J. Wellin, Cynthia Wellin Plum, Marjorie Wellin King, and Friendship Management LLC (collectively, "the Wellin Defendants").[1] The second is a motion to appoint a guardian ad litem filed by plaintiff Lester S. Schwartz. For the reasons stated below, the court denies Schwartz's motion to appoint a guardian ad litem and grants the Wellin Defendants' motion to dismiss.

## I.  BACKGROUND

These facts are drawn almost exclusively from plaintiff's complaint. On November 20, 2013, Keith Wellin appointed attorney Lester S. Schwartz as the trust protector for the Wellin Family 2009 Irrevocable Trust ("the Trust"). On the same day, Schwartz notified all of the Trust's trustees that he was unilaterally making a number of changes to the Trust's governing document pursuant to his trust protector powers.

---

[1] Schwartz also initially named Friendship Partners, LP as a defendant in this case. On January 3, 2014, Schwartz voluntarily dismissed Friendship Partners from the case. Notice of Voluntary Dismissal, ECF No. 12.

1

Schwartz also unilaterally removed South Dakota Trust Company as the Trust's corporate trustee and appointed Brown Brothers Harriman Trust Company of Delaware, N.A. as corporate trustee.

On December 1, 2013, Cynthia Wellin Plum, the manager of Friendship Management, LLC, directed the liquidation of Friendship Partners, LP based upon the written consent of all three Wellin children.

On December 5, 2013, Brown Brothers Harriman, the newly-installed corporate trustee for the Wellin Family 2009 Irrevocable Trust ("the Trust"), resigned its position as corporate trustee.

On December 6, 2013, Friendship Partners sold all its assets, including the 896 Class A Berkshire Hathaway common shares that Keith Wellin had contributed to Friendship Partners. About $50 million in proceeds was set aside to pay the balance of the note held by Keith Wellin. The remaining $95 million was split into three equal parts and distributed to the Wellin children.

On December 17, 2013, Schwartz filed the instant complaint in Charleston County Probate Court against Keith Wellin, his three children, Friendship Management, and Friendship Partners. In his complaint, Schwartz asserts that Peter Wellin, Cynthia Plum, and Marjorie King (" the Wellin children") have "frustrated the intent and purposes of the Trust," which was to provide for Keith's grandchildren as well as his children, by liquidating Friendship Partners' assets and putting $95 million of the proceeds into their own bank accounts. Schwartz's complaint asserts the following six causes of action:

(i)     Breach of fiduciary duty (as to the Wellin children);

(ii)    Conversion (as to the Wellin children);

    (iii)    Removal of trustees (as to the Wellin children);

    (iv)    Restitution (as to all defendants);

    (v)    Recovery of attorneys' fees (as to the Wellin children);

    (vi)    Temporary restraining order, and temporary and permanent injunction (as to all defendants).

On December 27, 2013, the Wellin Defendants removed the case to this court. On December 30, 2013, Schwartz filed an emergency motion to extend the state court's TRO and for a preliminary injunction. The Wellin Defendants responded on December 30, 2013 and the court held an emergency hearing on New Year's Eve. In an order issued on January 7, 2014, the court denied Schwartz's motion.

On January 17, 2014, the Wellin Defendants filed the present motion to dismiss. Schwartz opposed that motion on February 3, 2014, the Wellin Defendants filed a reply on February 13, 2014, and the court had the benefit of the parties' oral argument at a hearing held on February 28, 2014.

On February 12, 2014, Schwartz filed a motion to appoint a guardian or trustee ad litem[2] ("GAL") to represent the interests of Keith's grandchildren and other unborn lineal descendants. The Wellin Defendants opposed the motion on February 21, 2014 and Schwartz replied on February 27, 2013. The motion has been fully briefed and the court again had the benefit of the parties' oral argument at a hearing held on March 25, 2014.

In short, these matters have been fully briefed and are ripe for the court's review.

## II. STANDARDS

### A. Schwartz's Motion to Appoint a Guardian Ad Litem

Rule 17(c)(2) of the Federal Rules of Civil Procedure explains that

---

[2] Since the parties both use the terms "trustee ad litem" and "guardian ad litem" interchangeably, the court uses only the terms "guardian ad litem" or "GAL."

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Some courts have found it appropriate to appoint a GAL "to represent interests of unborn and/or otherwise unascertainable beneficiaries . . . ." Hatch v. Riggs Nat'l Bank, 361 F.2d 559, 566 (D.C. Cir. 1966). The appointment of a GAL is discretionary with the court. See Fonner v. Fairfax, 415 F.3d 325, 330 (4th Cir. 2005).

### B. The Wellin Defendants' Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. See E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Id. at 679. A complaint must contain sufficient factual allegations in addition to legal conclusions. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

## III. DISCUSSION

The court addresses Schwartz's motion to appoint a guardian ad litem before turning to the Wellin Defendants' motion to dismiss.

### A. Schwartz's Motion to Appoint a Guardian Ad Litem

Schwartz seeks to have a GAL appointed "to represent the interests of the unrepresented Trust beneficiaries (including the grandchildren of Keith Wellin, the Trust's Grantor) and the Grantor's other 'lineal descendants,' including persons not yet born or ascertained." Pl.'s Mot. to Appoint a Guardian Ad Litem 1. The court addresses Schwartz's arguments in turn.

#### 1. South Dakota Law Authorizes the Appointment of a GAL to Represent the Interests of Unborn Beneficiaries Only When There Is No Existing Living Person Who Shares Their Interest.

Schwartz first contends that South Dakota law expressly authorizes the appointment of a GAL to represent the interest of unborn trust beneficiaries.

The only portion of the South Dakota code that addresses the appointment of a GAL in trust matters relates primarily to service of process. It states that

> If an interest in the estate or trust has been limited [to unborn or unascertained persons,] it is not necessary to serve . . . such persons, but if it appears that there is no person in being or ascertained, having the same interest, the court shall appoint a guardian ad litem to represent or protect the persons who eventually may become entitled to the interest.

S.D. Codified Laws § 55-3-32(3).

The Wellin Defendants argue that Section 55-3-32(3) does not apply in this case because there are living, ascertainable people – Keith's adult grandchildren ("the grandchildren") – who have the same interest as Keith's unborn lineal descendants ("the unborn descendants"). Because the grandchildren have the same interest as the unborn

descendants, the Wellin Defendants argue, the appointment of a GAL is neither necessary nor authorized by South Dakota law. Schwartz responds that the grandchildren must not have the same interests as the unborn descendants because the grandchildren have not objected to the Wellin Defendants' conduct. Schwartz's response assumes that the unborn descendants would object to the Wellin Defendants' actions. That is a bridge too far. Neither the court nor the parties can predict what the unborn descendants' opinions and actions would be.

As an initial matter, defendants Peter Wellin, Marjorie Wellin King, and Cynthia Wellin Plum are living, ascertained persons who have interest in the Trust. As a result, Section 55-3-32 may be inapplicable to this case, since the provision only applies "[i]f an interest in the estate or trust has been limited [to unborn or unascertained persons]." S.D. Codified Laws § 55-3-32(3). Nevertheless, in an abundance of caution, the court considers whether the grandchildren can be considered proper representatives of the unborn descendants' interests.

Neither the grandchildren nor the unborn descendants are named as beneficiaries of the Trust, but both are the lineal descendants of the Grantor and the named beneficiaries. As such, both the grandchildren and the unborn descendants could be awarded money by the Trust, could be entitled to receive distributions from the Trust if the named beneficiaries were deceased at the time the distributions were made, or could inherit money from the Trust's named beneficiaries. See Trust Art. IV.B.1.a-c, C.1.a-c. As a result, the court finds that the grandchildren and the unborn descendants have the same interests in the Trust.

The grandchildren are competent adults for whom appointment of a GAL would be inappropriate. Because the grandchildren are ascertainable, existing persons who have the same interest in the Trust as the unborn descendants, South Dakota law does not authorize the appointment of a GAL to represent the unborn descendants.

The grandchildren are competent adults who have chosen not to sue their own parents. That choice is theirs to make. Schwartz's disagreement with that choice is not enough to warrant the appointment of a GAL for the unborn descendants.

### 2. The Grandchildren & Unborn Descendants May Be Considered Beneficiaries of the Trust under South Dakota Law.

Schwartz next argues that a GAL must be appointed because the unborn descendants are Trust beneficiaries who are otherwise unrepresented in this dispute. The Wellin Defendants respond that they are the Trust's only beneficiaries.

South Dakota trust law defines a "beneficiary" as a person that has a present or future beneficial interest in a trust, vested or contingent. S.D. Codified Laws § 55-1-24(2). The Trust uses the term "beneficiary" more narrowly. For example, the Trust states:

> I[, Keith Wellin,] currently have three (3) children: PETER J. WELLIN, MARJORIE W. KING, and CYNTHIA W. PLUM (each hereinafter referred to as the "beneficiary"). I direct the Trustee at the time of the making of the first discretionary distribution . . . to divide the trust property into as many equal shares as shall be necessary to provide one such equal share as a separate trust with respect to each beneficiary who is then living and one such equal share for the lineal descendants (collectively) who are then living of each beneficiary who is not then living but of whom there are lineal descendants then living. After making such division the Trustee shall hold, manage, and invest each share as a separate trust for each beneficiary and his or her lineal descendants . . . .

Trust Art. IV.B.1. Elsewhere, the Trust distinguishes "beneficiaries" from "lineal descendants." See, e.g., Trust Art. IV.B.1.a ("The Trustee shall first pay to the

7

beneficiary, or his or her lineal descendants, such amounts from the trust income . . . ."); Trust Art. IV.C.1.c ("Upon the last to die of the beneficiary and all of his or her lineal descendants, such trust shall terminate . . . ."). The Trust also explains that the trust protector has "no authority, however to amend the trust with regard to the identities of the beneficiaries." Trust. Art. VI.A.3.

While the Trust only lists three express beneficiaries, the grandchildren and unborn descendants may very well qualify as beneficiaries under South Dakota law because they have contingent interests in the Trust. Nevertheless, for the reasons described in Section III.A.1, appointment of a GAL is inappropriate.

### 3. Any Conflict of Interest Between Wellin Defendants & Other Contingent Trust Beneficiaries Does Not Merit Appointment of a GAL.

Schwartz also argues that the Wellin Defendants have an irreconcilable conflict of interest with the grandchildren and unborn descendants such that the Wellin Defendants cannot represent their interests. Specifically, Schwartz contends that the Wellin Defendants have an interest in taking all of the money for themselves, leaving nothing for future generations.

Neither party cites to South Dakota law regarding trustee conflicts of interest. However, the South Dakota Supreme Court appears to have spoken on the subject. In re Betty A. Luhrs Trust, 443 N.W.2d 646 (S.D. 1989) addressed conflicts of interest that arise when a co-trustee is also a beneficiary. In Luhrs, the plaintiff and her sister were co-trustees of a trust containing many of the plaintiff's assets. 443 N.W.2d at 649. After a falling out, the plaintiff attempted to have her sister removed as a trustee so that the plaintiff could revoke the trust and transfer its assets to other family members. Id. at

650-651.  The trial court refused to remove the sister from her trusteeship, and South Dakota's high court affirmed, explaining:

> When the settlor of a trust has named a trustee, fully aware of possible conflicts inherent in his appointment, only rarely will the court remove the trustee, and it will never remove her for potential conflict of interest but only for demonstrated abuse of power detrimental to the trust.

In re Betty A. Luhrs Trust, 443 N.W.2d at 651; see also Favalle v. Burns, 960 N.E.2d 99, 109 (Ill. Ct. App. 2011) ("[A] trustee may not engage in any form of self-dealing with the trust or place himself in a position where his interests conflict with those of the trust beneficiaries. However, a well-recognized exception to this rule exists where the instrument creating the trust expressly contemplates, creates and sanctions such a conflict of interest." (quotation omitted)).  The Luhrs court did not explain what constitutes a "demonstrated abuse of power."

In this case, Keith Wellin, a highly successful and sophisticated investor who had the advice of his long-time tax attorney, was surely aware of the potential conflicts that might arise from naming his children both trustees and beneficiaries of the Trust.  It is true that Keith's children have divided the Trust's assets among themselves, leaving only $50 million to pay off the note owed to Keith.  However, they contend that this maneuver was the only responsible course of action available because the Trust otherwise would have incurred a $40 million tax liability when Keith turned off his grantor status.  It is an open question whether these actions were improper self-dealing or whether they were the actions of responsible trustees.  As a result, the court cannot find that the Wellin Defendants' actions rise to the level of "demonstrated abuse of power" that would indicate an impermissible conflict of interest.

9

Any conflicts of interest that may exist between the Wellin children's dual roles as trustees and beneficiaries of the Trust do not necessitate the appointment of a GAL to protect the interests of the unborn beneficiaries.

For all these reasons, the court denies Schwartz's motion to appoint a guardian ad litem. The court cannot appoint a GAL to represent the interests of competent adults such as the grandchildren. Because the grandchildren have interests identical to the unborn descendants, South Dakota law prevents the court from appointing a GAL to represent those unborn descendants' interests.

### B. The Wellin Defendants' Motion to Dismiss

The Wellin Defendants make several arguments in support of their motion to dismiss. For the purposes of the present motion, they assume that Schwartz is the legitimate trust protector for the Trust, though they reserve the right to contest that in the future.

#### 1. Schwartz Is Not a Real Party in Interest.

The Wellin Defendants first contend that this case should be dismissed because Schwartz is not a real party in interest. Schwartz responds that the amended Trust provisions expressly authorize this litigation because those amendments give the trust protector "the power to represent the Trust with respect to any litigation brought by or against the Trust if any Trustee is a party to such litigation" and "to prosecute or defend such litigation for the protection of trust assets." Pl.'s Opp'n to Mot. to Dismiss 14 (internal quotations omitted).

Rule 17(a)(1) of the Federal Rules of Civil Procedure states,

10

> An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought:
>
> (A) an executor;
> (B) an administrator;
> (C) a guardian;
> (D) a bailee;
> (E) a trustee of an express trust;
> (F) a party with whom or in whose name a contract has been made for another's benefit; and
> (G) a party authorized by statute.

Fed. R. Civ. P. 17(a)(1). "The meaning and object of the real party in interest principle embodied in Rule 17 is that the action must be brought by a person who possesses the right to enforce the claim and who has a significant interest in the litigation." Va. Elec. & Power Co. v. Westinghouse Elec. Corp., 485 F.2d 78, 83 (4th Cir. 1973). In a diversity action such as this one, "whether a plaintiff is entitled to enforce the asserted right is determined according to the . . . underlying substantive law of the state." Id. Because South Dakota law applies to the Trust,[3] the court must look to South Dakota law when determining whether a trust protector can qualify as a real party in interest in this case.

South Dakota law states:

> Every action shall be prosecuted in the name of the real party in interest. A personal representative, guardian, conservator, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought . . . .

S.D. Codified Laws § 15-6-17(a). The South Dakota Supreme Court has explained that "[t]he real party in interest requirement for standing is satisfied if the litigant can show

---

[3] See Trust Art. III ("Unless changed by the Trustee, the situs of this trust is in the State of South Dakota and its laws shall govern the interpretation and validity of the provisions of this instrument . . . ."); Schwartz Trust Am. 1 ("[T]he Trust shall continue to be administered pursuant to the laws of the State of South Dakota . . . .").

that he <u>personally</u> has suffered some actual or threatened injury as a result of the putatively illegal conduct of the Defendant." <u>Agar Sch. Dist. No. 58-1 Bd. of Educ., Agar, S.D. v. McGee</u>, 527 N.W.2d 282, 284 (S.D. 1995) (quotation omitted) (emphasis added). Put another way, "[t]he real party in interest rule is satisfied if the one who brings the suit has a real, actual, material, or substantial interest in the subject matter of the action." <u>Ellingson v. Ammann</u>, 830 N.W.2d 99, 101 (S.D. 2013) (quotations omitted).

Schwartz argues that he qualifies as a real party in interest because the amended Trust provisions empower him to represent the Trust in litigation. However, whether Schwartz qualifies as a real party in interest is a matter for the court to determine, not one for private parties to decide. <u>See, e.g.</u>, <u>Biegler v. Am. Family Mut. Ins. Co.</u>, 621 N.W.2d 592, 600 (S.D. 2001) (holding that trial court properly evaluated whether plaintiff was proper party in interest); <u>Smolnikar v. Robinson</u>, 479 N.W.2d 516, 519 (S.D. 1992) (same).

South Dakota courts have not addressed the issue of whether a trust protector qualifies as a real party in interest when he brings a lawsuit on behalf of an express trust. The South Dakota Code lists trustees, but not trust protectors, as real parties in interest. Neither party has cited any law that supports the proposition that a trust protector can qualify as a real party in interest.[4] Finally, Schwartz has not explained how he has <u>personally</u> suffered some actual or threatened injury as the result of defendants' conduct.

---

[4] Schwartz does cite <u>Shelden v. Trust Co. of the Virgin Is.</u>, Ltd., 535 F. Supp. 667 (D.P.R. 1982) for the proposition that a trust protector is a real party in interest. His reliance on <u>Shelden</u> is misplaced. In <u>Shelden</u>, the terms of an <u>inter vivos</u> revocable trust granted a trust protector

> the authority to perform every act and to exercise every power vested in or reserved to the Settlor in his place and stead as fully as settlor might do,

Because Schwartz has not demonstrated that he has personally suffered an actual or threatened injury in this case, the court finds that he is not a real party in interest. As a result, the court must dismiss the case.

### 2. The Trust Amendment Pursuant to Which Schwartz Brings this Lawsuit Is Invalid.

The Wellin Defendants next argue that Schwartz has no authority to bring this law suit. On November 20, 2013, Schwartz made a number of unilateral changes to the Trust's governing document. Among other things, he added a paragraph that states:

> Notwithstanding any other provision of this Agreement, with respect to any litigation brought by or against any Trust created under this Agreement, if any Trustee of such is a party to such litigation in both an individual or corporate capacity and his or her capacity as a Trustee, then the Trust Protector shall represent such Trust with respect to such litigation, and shall have the power to pay, compromise, contest, submit to arbitration, or otherwise settle such litigation in favor of or against the trust, and may prosecute or defend such litigation for the protection of trust assets. The provisions of this Paragraph (H) shall apply notwithstanding the fact that there may be one or more co-Trustees then serving who are not parties to the litigation in an individual or corporate capacity.

Schwartz Trust Am. ¶ 7. This provision ("the Litigation Provision") does not replace or modify any provision found in the original Trust document. Rather, it is an entirely new

---

> including the removal of the Trustee and the designation of a successor trustee, except that he could not revoke, amend or otherwise modify the provisions of the trust.

535 F. Supp. at 668. Settlor and sole beneficiary Francis Shelden and trust protector L. Bennett Young brought suit against the trust's corporate trustee, then, during the litigation, moved to drop Shelden as a plaintiff and to allow Young to proceed as a plaintiff in his alternate capacity as successor trustee. Id. at 671-72. The court concluded first that Young, in his role as trust protector, was a party with real interest in the trust because the trust granted the trust protector all of the powers held by the settlor/sole beneficiary of the trust. Id. at 671. The court also found that Young and a corporate successor trustee both had "a legitimate and real interest in the trust" and admitted them as plaintiffs "in their roles as successor trustees." Id. at 672 (emphasis added). Shelden is not particularly informative because Schwartz's powers as trust protector are much more limited than the powers granted to the Shelden trust protector, and because the Shelden court ultimately admitted Young as a plaintiff in his role as successor trustee, not in his role as trust protector.

paragraph that Schwartz added to Article XII – Financial Powers. The Wellin Defendants argue that the Litigation Provision must be invalid because the Trust only allows the trust protector to decrease or suspend his powers, not expand them.[5] Schwartz responds that the Litigation Provision is a permissible amendment to the administrative provisions of the Trust.

The South Dakota Supreme Court has explained that, as with contracts, courts must interpret a trust instrument as written in order to attempt to ascertain and give effect to the settlor's intention. In re Estate of Stevenson, 605 N.W.2d 818, 821 (S.D. 2000); see also In re Florence Y. Wallbaum Revocable Living Tr. Agreement, 813 N.W.2d 111, 117 (S.D. 2012). If it can be accomplished consistently and reasonably, "[t]he entire contract and all its provisions must be given meaning." Hot Stuff Foods, LLC v. Mean Gene's Enters., Inc., 468 F. Supp. 2d 1078, 1096 (D.S.D. 2006) (citing Dail v. Vodicka, 237 N.W.2d 7, 9 (S.D. 1975)); Spiska Eng'g, Inc. v. SPM Thermo-Shield, Inc., 730 N.W.2d 638, 645 (S.D. 2007) ("An interpretation which gives a reasonable and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable or of no effect."). "When provisions conflict, however, and full weight cannot be given to each, the more specific clauses are deemed to reflect the parties' intentions—a specific provision controls a general one." Bunkers v. Jacobson, 653 N.W.2d 732, 738 (S.D. 2002) (quotations omitted).

Article VI, the section of the Trust that describes the purpose and powers of the trust protector, states:

---

[5] Because this argument succeeds, the court need not consider the Wellin Defendants' other arguments regarding the invalidity of the Litigation Provision.

> 3. During [Keith Wellin's] lifetime, <u>the Trust Protector has the authority</u> to amend the provisions of the trust with regard to how the beneficiaries will benefit from the trust, and <u>to amend the trust administrative provisions</u>. The Trust Protector has no authority, however, to amend the trust with regard to the identities of the beneficiaries.
>
> . . .
>
> 6. . . . Any exercise or non-exercise of the powers and discretions granted to the Trust Protector shall be in the sole and absolute discretion of the Trust Protector, and shall be binding and conclusive on all persons. The Trust Protector is not required to exercise any power or discretion granted under this instrument. . . .
>
> . . .
>
> 8. <u>The Trust Protector</u> acting from time to time, if any, on his or her own behalf and on behalf of all successor Trust Protectors, <u>may at any time irrevocably release, renounce, suspend, or modify to a lesser extent any or all powers and discretions conferred under this instrument</u> by a written instrument delivered to the Trustee.

Trust Art. VI, § A.3, 6, 8 (emphasis added).

The Litigation Provision is an administrative provision that expands the trust protector's powers by granting him or her "the power to pay, compromise, contest, submit to arbitration, or otherwise settle such litigation in favor of or against the trust, and [the power to] prosecute or defend such litigation for the protection of trust assets." Schwartz Trust Am. ¶ 7. Keeping in mind that all of the Trust's terms should be given meaning if possible, and that specific clauses trump general ones, the court finds that Art. VI, § A.8 does not allow the trust protector to unilaterally expand his powers. As a result, the Litigation Provision, which increases rather than decreases the trust protector's powers, must be invalid. Because the Litigation Provision is invalid, Schwartz has no authority to bring this lawsuit.

In summary, the court will dismiss this case because Schwartz is not a real party in interest and because the Litigation Provision upon which he relies is invalid. South Dakota Code § 15-6-17(a) states:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest . . . .

Additionally, Federal Rule of Civil Procedure 17(a)(3) states that "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." To provide the "reasonable time" required by both South Dakota law and the Federal Rules of Civil Procedure, this order shall serve as the court's notice that it will dismiss Schwartz from the case on the basis that he is not a real party in interest.

### III.   CONCLUSION

For these reasons, the court **DENIES** plaintiff's motion to appoint a guardian or trustee ad litem, ECF No. 30, and **GRANTS** defendants' motion to dismiss. The court **WILL DISMISS** this case **WITH PREJUDICE** unless a real party in interest ratifies, joins, or substitutes itself as plaintiff within fifteen (15) days of the date of this order.

      **AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 17, 2014**
**Charleston, South Carolina**