# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| LESTER S. SCHWARTZ, *as Trust Protector of the Wellin Family 2009 Irrevocable Trust*, ) ) ) ) | No. 2:13-cv-3595-DCN |
| Plaintiff, ) ) | |
| vs. ) ) | **ORDER** |
| PETER J. WELLIN, *et. al.*, ) ) ) | |
| Defendants. ) ) | |

    This matter is before the court on a motion "to ratify and join in the commencement of this action and/or to be substituted or added as party-plaintiff" filed by Lester S. Schwartz ("Schwartz"). Schwartz also seeks to amend the complaint. For the reasons stated below, the court grants Schwartz's motion and substitutes Larry S. McDevitt ("McDevitt") as the plaintiff in this case.

## I. BACKGROUND

    Because the parties are well-versed in the facts of this case, the court recites only the facts relevant to the disposition of the motion at hand.

    On November 20, 2013, Keith Wellin appointed attorney Schwartz as the trust protector for the Wellin Family 2009 Irrevocable Trust ("the Trust"). Following the liquidation of the Trust's assets in December 2013, Schwartz filed the instant complaint in Charleston County Probate Court against defendants Peter Wellin, Cynthia Plum, and

1

Marjorie King, Keith Wellin's three children, as well as Friendship Management LLC.[1] On December 27, 2013, defendants removed the case to this court.

On January 17, 2014, defendants filed a motion to dismiss this case on the basis that Schwartz does not qualify as a real party in interest under Rule 17. On April 17, 2014, the court issued an order granting defendants' motion to dismiss ("the April 17 order"). Because both South Dakota law and the Federal Rules of Civil Procedure require a court to allow a reasonable time for a real party in interest to join the action, the court stated that it would dismiss this case with prejudice unless a real party in interest ratified, joined, or substituted itself as plaintiff within fifteen days of the date of the April 17 order.[2]

On April 29, 2014, defendants purported to exercise their right under the Trust and remove Schwartz as trust protector. On May 2, 2014, Schwartz purported to appoint McDevitt as a trustee of the Trust and McDevitt accepted the appointment. The same day, Schwartz and McDevitt filed the present motion "to ratify and join in the commencement of this action and/or to be substituted or added as party-plaintiff." Pls.' Mot. 1. Attached to this motion is a proposed first amended complaint. Id. Ex. C. Defendants opposed this motion on May 19, 2014. Schwartz and McDevitt filed a reply on May 30, 2014. The court had the benefit of the parties' oral argument at a hearing held on August 29, 2014. The matter is ripe for the court's review.

---

[1] The initial complaint also included Keith Wellin and Friendship Partners LP as defendants. Schwartz later voluntarily dismissed both parties.

[2] In an order dated August 14, 2014, the court denied Schwartz's motion to amend the April 17 order.

## II.  STANDARDS

Federal Rule of Civil Procedure 17(a)(1) states that "[a]n action must be prosecuted in the name of the real party in interest."  "The meaning and object of the real party in interest principle embodied in Rule 17 is that the action must be brought by a person who possesses the right to enforce the claim and who has a significant interest in the litigation." Va. Elec. & Power Co. v. Westinghouse Elec. Corp., 485 F.2d 78, 83 (4th Cir. 1973).  Rule 17(a)(3) states that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."

Rule 15(a)(1) of the Federal Rules allows a party to amend its complaint once as a matter of course within 21 days of serving the complaint, or within 21 days after service of a motion to dismiss.  Fed. R. Civ. P. 15(a)(1).  In all other cases, a party may amend its complaint "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  The Federal Rules instruct courts to "freely give leave when justice so requires." Id.  However, "[d]isposition of a motion to amend is within the sound discretion of the district court.  A motion to amend under Rule 15(a) may be denied where the motion has been unduly delayed and where allowing the amendment would unduly prejudice the non-movant." Deasy v. Hill, 833 F.2d 38, 40 (4th Cir. 1987) (citations omitted).

## III.   DISCUSSION

It is well-settled that a trustee is a real party in interest with capacity to bring a lawsuit on behalf of a trust.  See Fed. R. Civ. P. 17(a)(1) ("The following may sue in their

own names without joining the person for whose benefit the action is brought: (E) a trustee of an express trust."); S.D. Codified Laws § 55-1A-32 ("A trustee may prosecute or defend actions, claims or proceedings for the protection of trust assets or of himself in the performance of his duties."); S.D. Codified Laws § 15-6-17(a) ("A . . . trustee of an express trust . . . may sue in his own name without joining with him the party for whose benefit the action is brought . . . ."). Whether McDevitt is a proper plaintiff depends on whether he is a duly appointed trustee of the Trust. That issue, in turn, depends on whether Schwartz was validly acting as trust protector when he appointed McDevitt as a trustee.

Defendants argue that because they exercised their right under the Trust to remove Schwartz as trust protector on April 29, 2014, he had no authority to appoint McDevitt as a trustee on May 2, 2014. Defs.' Resp. 2. Schwartz contends that that the purported removal was procedurally improper because defendants failed to appoint a new trust protector when removing him, and that therefore his appointment of McDevitt was valid.

The Trust provides that "[t]here shall always be a Trust Protector for each separate trust." Trust Art. VI.A. After purporting to remove Schwartz as trust protector on April 29, 2014, defendants did not appoint a new trust protector until July 18, 2014. Defendants make two arguments for why their removal of Schwartz was proper even though they did not immediately appoint a successor trust protector. Defendants first contend that the Trust does not require simultaneous replacement of the trust protector. Notwithstanding the fact that the plain language of the Trust seemingly requires instantaneous replacement, even assuming that simultaneous replacement is not required,

4

defendants' nearly three-month delay certainly violates the clearly manifested intent of Article VI.  See In re Estate of Stevenson, 605 N.W.2d 818, 821 (S.D. 2000) ("In interpreting a trust instrument, we must first attempt to ascertain and give effect to the settlor's intention . . . .  If that intention is clearly manifested by the language of the [trust instrument], it is the duty of this court to declare and enforce it." (citation and internal quotation marks omitted)).

  Defendants also argue that the Trust contemplates periods with no trust protector.  Specifically, they point to the following passage:

> The Trust Protector acting from time to time, if any, on his or her own behalf and on behalf of all successor Trust Protectors, may at any time irrevocably release, renounce, suspend, or modify to a lesser extent any or all powers and discretions conferred under this instrument by a written instrument delivered to the Trustee.

Trust Art. VI.A.8 (emphasis added).  As an initial matter, it appears ambiguous whether the "if any" language applies to the existence of a trust protector or the times at which the trust protector may act.  The fact that the phrase immediately follows "time to time" strongly suggests that the parties intended "if any" to apply to the times at which the trust protector may act.  Notably, none of the other sections pertaining to the trust protector include the "if any" modifier.  See Trust Art. VI.A.  Regardless, as discussed above, even if the Trust did contemplate some period of time without a trustee, the nearly three-month delay clearly violated the plain language of the Trust requiring there to be a trust protector at all times.

Defendants' removal of Schwartz was procedurally invalid because they violated the terms of the Trust by not appointing a new trust protector when removing Schwartz.[3] Therefore, Schwartz's appointment of McDevitt as a trustee was valid, and McDevitt is a proper plaintiff for this lawsuit. In his motion, Schwartz attempts to "reserve[] all rights to prosecute this action as a party-plaintiff." Pls.' Mot. 14. This court has already, on two occasions, extensively considered whether Schwartz is a real party in interest and concluded that he is not. As a result, the court will substitute McDevitt for Schwartz as plaintiff in this action.

### III. CONCLUSION

For these reasons, the court **GRANTS** plaintiff's motion and **SUBSTITUTES** McDevitt for Schwartz as the plaintiff in this action. The court also **GRANTS** McDevitt leave to amend his complaint.

**AND IT IS SO ORDERED**.

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**October 9, 2014**
**Charleston, South Carolina**

---

[3] Since defendants' removal of Schwarz was invalid because they failed to appoint a new trustee, the court need not consider whether Schwartz's November 2013 amendment, which purports to change the procedure for removing the trust protector, is valid.