**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| LARRY McDEVITT, *as Trustee of the Wellin Family 2009 Irrevocable Trust*, ) ) ) ) Plaintiff, ) ) vs. ) ) PETER J. WELLIN, *et. al.*, ) ) Defendants. ) ) | No. 2:13-cv-3595-DCN **ORDER** |

By this order, the court sua sponte reconsiders its April 17, 2014 order pursuant to Federal Rule of Civil Procedure 54(b). Specifically, the court reconsiders its ruling on a motion to dismiss filed by defendants Peter J. Wellin, Cynthia Wellin Plum, Marjorie Wellin King, and Friendship Management LLC (collectively, "the Wellin Defendants").[1] Because a portion of the April 17 order was not necessary to the court's ultimate decision that then-plaintiff Lester S. Schwartz ("Schwartz") was not a real party in interest, the court amends that order as it relates to the motion to dismiss and replaces it with the following, which is substantially identical except for the deletion of section III.B.2 and minor revisions reflecting progress in the case since the April 17 order. This order does not disturb the court's ultimate ruling the Schwartz is not a real party in interest and therefore is not a proper plaintiff in this case.

**I. BACKGROUND**

The court adopts the factual background laid out in its April 17 order.

---

[1] This order does not affect the April 17 order as it relates to Schwartz's motion to appoint a guardian ad litem.

1

On January 17, 2014, the Wellin Defendants filed the present motion to dismiss. Schwartz opposed that motion on February 3, 2014, the Wellin Defendants filed a reply on February 13, 2014, and the court had the benefit of the parties' oral argument at a hearing held on February 28, 2014. On April 17, 2014, the court granted the motion. Schwartz filed a motion to amend or correct the April 17 order on May 15, 2014, which the court denied on August 14, 2014. On May 2, 2014, Larry S. McDevitt ("McDevitt") filed a motion to be substituted as plaintiff. The court granted McDevitt's motion on October 9, 2014.

The Wellin Defendants' motion to dismiss has been fully briefed and is ripe for the court's reconsideration.

## II. STANDARDS

### A.  Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. See E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Id. at 679. A complaint must contain sufficient factual allegations in addition to legal conclusions. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled

to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

### B. Reconsideration

Federal Rule of Civil Procedure 54(b) provides that any order that

> adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

An interlocutory order can be "reviewed by the district court, on motion or sua sponte, at any time prior to the entry of a final judgment." Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1472 (4th Cir. 1991). "[R]eview of an interlocutory order under Rule 54 is not subject to the restrictive standards of motions for reconsideration of final judgments under Rule 60," and it is "within the plenary power of the Court that rendered [it] to afford such relief . . . as justice requires." Id. at 1472-73.

### III. DISCUSSION

The Wellin Defendants make several arguments in support of their motion to dismiss. For the purposes of the present motion, they assume that Schwartz is the legitimate trust protector for the Trust, though they reserve the right to contest that in the future.

The Wellin Defendants contend that this case should be dismissed because Schwartz is not a real party in interest. Schwartz responds that the amended Trust provisions expressly authorize this litigation because those amendments give the trust protector "the power to represent the Trust with respect to any litigation brought by or

3

against the Trust if any Trustee is a party to such litigation" and "to prosecute or defend such litigation for the protection of trust assets." Pl.'s Opp'n to Mot. to Dismiss 14 (internal quotations omitted).

> Rule 17(a)(1) of the Federal Rules of Civil Procedure states,
>
> An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought:
>
> (A) an executor;
> (B) an administrator;
> (C) a guardian;
> (D) a bailee;
> (E) a trustee of an express trust;
> (F) a party with whom or in whose name a contract has been made for another's benefit; and
> (G) a party authorized by statute.

Fed. R. Civ. P. 17(a)(1). "The meaning and object of the real party in interest principle embodied in Rule 17 is that the action must be brought by a person who possesses the right to enforce the claim and who has a significant interest in the litigation." Va. Elec. & Power Co. v. Westinghouse Elec. Corp., 485 F.2d 78, 83 (4th Cir. 1973). In a diversity action such as this one, "whether a plaintiff is entitled to enforce the asserted right is determined according to the . . . underlying substantive law of the state." Id. Because South Dakota law applies to the Trust,[2] the court must look to South Dakota law when determining whether a trust protector can qualify as a real party in interest in this case.

South Dakota law states:

> Every action shall be prosecuted in the name of the real party in interest. A personal representative, guardian, conservator, bailee, trustee of an express trust, a party with whom or in whose name a contract has been

---

[2] See Trust Art. III ("Unless changed by the Trustee, the situs of this trust is in the State of South Dakota and its laws shall govern the interpretation and validity of the provisions of this instrument . . . ."); Schwartz Trust Am. 1 ("[T]he Trust shall continue to be administered pursuant to the laws of the State of South Dakota . . . .").

> made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought . . . .

S.D. Codified Laws § 15-6-17(a).  The South Dakota Supreme Court has explained that "[t]he real party in interest requirement for standing is satisfied if the litigant can show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the Defendant." Agar Sch. Dist. No. 58-1 Bd. of Educ., Agar, S.D. v. McGee, 527 N.W.2d 282, 284 (S.D. 1995) (quotation omitted) (emphasis added).  Put another way, "[t]he real party in interest rule is satisfied if the one who brings the suit has a real, actual, material, or substantial interest in the subject matter of the action." Ellingson v. Ammann, 830 N.W.2d 99, 101 (S.D. 2013) (quotations omitted).

Schwartz argues that he qualifies as a real party in interest because the amended Trust provisions empower him to represent the Trust in litigation.  However, whether Schwartz qualifies as a real party in interest is a matter for the court to determine, not one for private parties to decide.  See, e.g., Biegler v. Am. Family Mut. Ins. Co., 621 N.W.2d 592, 600 (S.D. 2001) (holding that trial court properly evaluated whether plaintiff was proper party in interest); Smolnikar v. Robinson, 479 N.W.2d 516, 519 (S.D. 1992) (same).

South Dakota courts have not addressed the issue of whether a trust protector qualifies as a real party in interest when he brings a lawsuit on behalf of an express trust.  The South Dakota Code lists trustees, but not trust protectors, as real parties in interest.  Neither party has cited any law that supports the proposition that a trust protector can

qualify as a real party in interest.[3] Finally, Schwartz has not explained how he has <u>personally</u> suffered some actual or threatened injury as the result of defendants' conduct.

Because Schwartz has not demonstrated that he has personally suffered an actual or threatened injury in this case, the court finds that he is not a real party in interest. As a result, the court must dismiss the case.

South Dakota Code § 15-6-17(a) states:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest . . . .

Additionally, Federal Rule of Civil Procedure 17(a)(3) states that "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to

---

[3] Schwartz does cite <u>Shelden v. Trust Co. of the Virgin Is.</u>, Ltd., 535 F. Supp. 667 (D.P.R. 1982) for the proposition that a trust protector is a real party in interest. His reliance on <u>Shelden</u> is misplaced. In <u>Shelden</u>, the terms of an <u>inter vivos</u> revocable trust granted a trust protector

> the authority to perform every act and to exercise every power vested in or reserved to the Settlor in his place and stead as fully as settlor might do, including the removal of the Trustee and the designation of a successor trustee, except that he could not revoke, amend or otherwise modify the provisions of the trust.

535 F. Supp. at 668. Settlor and sole beneficiary Francis Shelden and trust protector L. Bennett Young brought suit against the trust's corporate trustee, then, during the litigation, moved to drop Shelden as a plaintiff and to allow Young to proceed as a plaintiff in his alternate capacity as successor trustee. <u>Id.</u> at 671-72. The court concluded first that Young, in his role as trust protector, was a party with real interest in the trust because the trust granted the trust protector all of the powers held by the settlor/sole beneficiary of the trust. <u>Id.</u> at 671. The court also found that Young and a corporate successor trustee both had "a legitimate and real interest in the trust" and admitted them as plaintiffs "<u>in their roles as successor trustees</u>." <u>Id.</u> at 672 (emphasis added). <u>Shelden</u> is not particularly informative because Schwartz's powers as trust protector are much more limited than the powers granted to the <u>Shelden</u> trust protector, and because the <u>Shelden</u> court ultimately admitted Young as a plaintiff in his role as successor trustee, <u>not</u> in his role as trust protector.

ratify, join, or be substituted into the action." By its April 17 order, the court provided the "reasonable time" required by both South Dakota law and the Federal Rules of Civil Procedure and, on October 9, 2014, granted McDevitt's motion to be substituted as a plaintiff.

### III.   CONCLUSION

For these reasons, the court **RECONSIDERS** its April 17 order and **GRANTS** defendants' motion to dismiss Schwartz as a plaintiff.

**AND IT IS SO ORDERED**.

                                                    **DAVID C. NORTON**
                                                    **UNITED STATES DISTRICT JUDGE**

**December 15, 2014**
**Charleston, South Carolina**