**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| LARRY McDEVITT, *as Trustee of the Wellin Family 2009 Irrevocable Trust*, | ) ) ) | No. 2:13-cv-3595-DCN |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| PETER J. WELLIN, *et. al.,* | ) ) | |
| Defendants. | ) ) | |

This matter is before the court on defendants' motion to dismiss. For the reasons stated below, the court denies defendants' motion.

## I.   BACKGROUND

In 2009, Keith Wellin ("Keith") created the Wellin Family 2009 Irrevocable Trust ("the Trust"). The Trust identifies Keith's three children, Peter J. Wellin ("Peter"), Marjorie W. King ("Marjorie"), and Cynthia W. Plum ("Cynthia") (collectively, "the Wellin children"), as the beneficiaries of the Trust. The Trust also established the position of trust protector, with attorney Tom Farace initially serving in that position.

On November 20, 2013, Keith Wellin appointed attorney Lester Schwartz ("Schwartz") as the trust protector for the Trust. The same day, Schwartz notified all of the Trust's trustees that he was unilaterally making a number of changes to the Trust's governing document pursuant to his trust protector powers, including an amendment changing the procedure for removal of the trust protector.

On December 7, 2013, following the Wellin children's alleged liquidation of Friendship Partners LP, Schwartz filed the instant complaint in Charleston County

1

Probate Court against the Wellin children and Friendship Management LLC.[1] On December 27, 2013, defendants removed the case to this court.

On January 17, 2014, defendants filed a motion to dismiss this case arguing that Schwartz does not qualify as a real party in interest under Federal Rule of Civil Procedure 17. On April 17, 2014, the court issued an order granting defendants' motion to dismiss. Because both South Dakota law and the Federal Rules of Civil Procedure require a court to allow a reasonable time for a real party in interest to join the action, the court stated that it would dismiss this case with prejudice unless a real party in interest ratified, joined, or substituted itself as plaintiff within fifteen days of the date of the April 17 order.[2]

On April 29, 2014, the Wellin children purported to exercise their right under the Trust and remove Schwartz as trust protector. In an order dated October 9, 2014, the court determined that the Wellin children's removal of Schwartz was procedurally invalid because they had not appointed a new trust protector at the time they removed Schwartz. On May 2, 2014, Schwartz purported to appoint Larry McDevitt ("McDevitt") as a trustee and McDevitt accepted the appointment. In the court's October 9 order, the court substituted McDevitt as the plaintiff in this action.

On October 14, 2014, one month after Keith's death, the Wellin children again purported to remove Schwartz as trust protector and replace him with Brian Hellman ("Hellman"). On October 20, 2014, Hellman purported to remove McDevitt as trustee

---

[1] The initial complaint also named Keith Wellin and Friendship Partners LP as defendants. Schwartz later voluntarily dismissed both parties.

[2] On August 14, 2014, the court denied Schwartz's motion to amend the April 17 order. On December 15, 2014, the court modified the April 17 order to remove analysis regarding Schwartz's litigation amendment, but the court did not disturb the April 17 order's ultimate holding.

and on October 31, 2014, Hellman purported to appoint Cynthia's son Keith Plum as a trustee. On October 31, 2014, the Wellin children filed the instant motion to dismiss. McDevitt filed a response on November 24, 2014 and the Wellin children replied on December 4, 2014. This motion has been fully briefed and is now ripe for the court's review.

## II.  STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. See E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Id. at 679. A complaint must contain sufficient factual allegations in addition to legal conclusions. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

## III.   DISCUSSION

As acknowledged by both parties, this motion turns on whether Schwartz was acting within his powers as trust protector when he amended the procedure for removing the trust protector.

The original provision for removing the trust protector states:

> I [Keith] have the authority to remove a Trust Protector, to replace him or her with a different Trust Protector, and to do the same with successor Trust Protectors who are not yet serving and are just in line as successor Trust Protectors, as long as any new Trust Protector is not related or subordinate to me within the meaning of Internal Revenue Code section 672(c).  If due to death or disability I am unable to exercise this authority, I grant to my children, PETER J. WELLIN, MARJORIE W. KING and CYNTHIA W. PLUM, the authority to remove a Trust Protector, to replace him or her with a different Trust Protector, and to do the same with successor Trust Protectors who are not yet serving and are just in line as successor Trust Protectors as long as any new Trust Protector is not related or subordinate to my children or me within the meaning of Internal Revenue Code section 672(c).

Trust Art. VI, § A.9.

Schwartz's amendment to the provision states:

> I [Keith] have the authority to remove a Trust Protector, to replace him or her with a different Trust Protector, and to do the same with successor Trust Protectors who are not yet serving and are just in line as successor Trust Protectors, as long as any new Trust Protector is not related or subordinate to me within the meaning of Internal Revenue Code section 672(c).
>
> Upon the later of my death or November 20, 2018, my children, PETER J. WELLIN, MARJORIE W. KING and CYNTHIA W. PLUM, acting by majority vote (or should there be separate Trust Protectors for each subtrust, as provided in Paragraph (A), above, my child who is the beneficiary of each particular subtrust), may, not more frequently than once every five (5) years, by written notice to the then serving Trust Protector, have the right to request appointment of a committee of three individuals to consider whether a Trust Protector should be removed and replaced.  The majority vote of such committee shall be sufficient to remove and replace any Trust Protector with such other Trust Protector as the committee may determine.  The individuals who may be appointed to such committee (i) may not be beneficiaries of the Trust, (ii) may not be

> related or subordinate to either the Trust Protector or any of my children (or child, as the case may be) (within the meaning of §672(c) of the Internal Revenue Code), (iii) must each be Fellows of the American College of Trust and Estate Counsel (ACTEC), and (iv) much [sic] each be members of different law firms. Within thirty (30) days of the delivery to the Trust Protector of a written request by my children, (or child, as the case may be), my children, by majority vote (or child, as the case may be), and the Trust Protector shall each appoint a committee member. A third committee member shall be chosen by the first two committee members, acting jointly; provided, however, that if a third committee member is not appointed within sixty (60) days of the written notice requesting the appointment of a committee, either my children (or child, as the case may be) or the Trust Protector may petition the Probate Court having jurisdiction over the Trust to appoint such third committee member. The appropriate compensation (at their customary hourly rates) shall be paid to any such committee (if nominated) from the Trust assets.
>
> The committee shall consider information provided by the Trust Protector and my children (or child, as the case may be) (as well as information from such other person(s) as the committee may determine) and, within 30 days of the date of appointment of the last committee member, shall determine whether to remove and replace the Trust Protector. In making its determination, the committee shall consider all issues it considers relevant. As the role of Trust Protector is a limited role (unlike the role of Trustee), the committee is encouraged to consider the duties assigned to the Trust Protector under this Agreement and which, if any, of those duties are actively being taken by the Trust Protector, and the Trust Protector's experience with respect to the nature of the duties. Any such consideration shall consider whether any attempted change in Trust Protector may have been initiated for the purpose of seeking a Trust Protector who may not be as likely to honor the Settlor's intent or whether there are genuine personality, performance, and/or likely expense issues involved in seeking such change of Trust Protector.
>
> Upon completion of the decision for which the committee is appointed, the committee shall have no further responsibility and its powers shall terminate.

Trust Am. ¶ 3.

The Wellin children argue that: (1) the amendment is invalid because the Trust does not permit the trust protector to increase his own power; (2) they properly removed Schwartz as trust protector pursuant to the original removal provision and appointed Hellman as successor trust protector; and (3) Hellman properly removed McDevitt as

5

trustee. As a result, the Wellin children assert that McDevitt no longer has an interest in this action and the court therefore lacks subject matter jurisdiction. McDevitt, on the other hand, argues that: (1) the amendment is permissible under the trust protector's power to amend the Trust's administrative provisions; (2) the Wellin children did not comply with the amendment in purporting to remove Schwartz as trust protector and appoint Hellman; and (3) Hellman's removal of McDevitt as trustee was ineffective. Therefore, McDevitt asserts that he still has an interest in prosecuting this action.[3]

The South Dakota Supreme Court has explained that, as with contracts, courts must interpret a trust instrument as written in order to attempt to ascertain and give effect to the settlor's intention. In re Estate of Stevenson, 605 N.W.2d 818, 821 (S.D. 2000); see also Briggs v. Briggs, 45 N.W.2d 62, 65 (S.D. 1950) ("The sole purpose of the process of construction is to discover the intention of the [settlor]."). In order to determine the settlor's intention, the court must examine the document as written. Luke v. Stevenson, 696 N.W.2d 553, 557 (S.D. 2005). "If the language of the trust instrument makes the intention of the settlor clear, it is [the court's] duty to declare and enforce it." In re Florence Y. Wallbaum Revocable Living Trust Agreement, 813 N.W.2d 111, 117 (S.D. 2012) (citation and internal quotation marks omitted). If it can be accomplished consistently and reasonably, "[t]he entire contract and all its provisions must be given meaning." Hot Stuff Foods, LLC v. Mean Gene's Enters., Inc., 468 F. Supp. 2d 1078, 1096 (D.S.D. 2006) (citing Dail v. Vodicka, 237 N.W.2d 7, 9 (S.D. 1975)); see also Spiska Eng'g, Inc. v. SPM Thermo-Shield, Inc., 730 N.W.2d 638, 645 (S.D. 2007) ("An

---

[3] S.D. Codified Laws § 55-1A-32 provides that "[a] trustee may prosecute or defend actions, claims or proceedings for the protection of trust assets or of himself in the performance of his duties."

interpretation which gives a reasonable and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable or of no effect."). "When provisions conflict, however, and full weight cannot be given to each, the more specific clauses are deemed to reflect the parties' intentions—a specific provision controls a general one." Bunkers v. Jacobson, 653 N.W.2d 732, 738 (S.D. 2002) (quotations omitted).

Whether Schwartz's amendment to the Trust is valid depends on the interpretation of the following two provisions of the Trust. Article VI of the Trust, which describes the purpose and powers of the trust protector, states:

> 3.  During [Keith's] lifetime, the Trust Protector has the authority to amend the provisions of the trust with regard to how the beneficiaries will benefit from the trust, and to amend the trust administrative provisions. The Trust Protector has no authority, however, to amend the trust with regard to the identities of the beneficiaries.
>
> . . .
>
> 8.  The Trust Protector acting from time to time, if any, on his or her own behalf and on behalf of all successor Trust Protectors, may at any time irrevocably release, renounce, suspend, or modify to a lesser extent any or all powers and discretions conferred under this instrument by a written instrument delivered to the Trustee.

Trust Art. VI, §§ A.3, 8 (emphasis added).

The Wellin children argue, and the court previously held, that § A.8 acts as a limit on the trust protector's powers under § A.3. To borrow a line from Baron Bramwell, "[t]he matter does not appear to me now as it appears to have appeared to me then." Andrews v. Styrap, 26 L.T.R. (N.S.) 704, 706 (Ex. 1872). For the following reasons, the

court has reconsidered the parties' arguments and rejects the Wellin children's interpretation.[4]

First, the two provisions, by their terms, do not conflict. They are both permissive grants of power that address different concerns – one allows the trust protector to amend administrative provisions and one allows the trust protector to modify powers granted under the Trust. Significantly, § A.8 contains no language of limitation. It does <u>not</u> say that the trust protector may <u>only</u> "modify to a lesser extent any or all powers and discretions." Rather, it contains only permissive language describing what a trust protector <u>may</u> do. For similar reasons, there is no indication from the language of the provisions that § A.3 is a general clause or that § A.8 is a specific clause – the provisions simply address different concerns.

Additionally, both provisions have meaning in the Trust. Not only do they address different concerns, but § A.8 has important tax implications. Indeed, a journal article on drafting boilerplate trust administrative provisions contains a provision nearly identical to § A.8:

> The Trust Advisor[5] acting from time to time, on his or her own behalf, or on behalf of any or all successor Trust Advisors, may at any time irrevocably release, renounce, suspend, cut down, or modify to a lesser extent any or all powers and discretions conferred under this instrument by a written instrument delivered to the Trustee.

Jeffrey N. Pennell, <u>Special Needs Trusts: Reflections on Common Boilerplate Provisions</u>, 6 NAELA J. 89, 123 (2010). Pennell explains that "[c]ritical here is the

---

[4] The Wellin children do not dispute that the trust protector removal provision is an administrative provision within the meaning of § A.3.

[5] The article notes that "[a] trust protector is likely no different than a trust advisor, in terms of the issues that arise with regard to the liability and duties imposed by trust law or the document itself." Jeffrey N. Pennell, <u>Special Needs Trusts: Reflections on Common Boilerplate Provisions</u>, 6 NAELA J. 89, 123 n.93 (2010).

authority to disclaim or renounce trustee powers if appropriate to limit or avoid future tax consequences." Id. at 119 n.82.  "Lacking the authority in this provision it would be impossible under state law for one fiduciary to relinquish trustee powers in a manner that would bind the trust or future trustees." Id.  Therefore, § A.8 serves an important purpose and has meaning independent of § A.3.

Moreover, where Keith intended to limit the trust protector's authority in other parts of Article VI, he did so explicitly.  In several sections of Article VI, including § A.3, the Trust grants the trust protector power to do something.  When that power is limited in some way, the limitation appears in either the same provision or the immediately following provision and contains the phrase "the Trust Protector has no authority to . . . ."  See Art. VI, §§ A.1 ("The Trust Protector has the authority to remove the Trustee, and to appoint a different Trustee or additional Co-Trustees.  The Trust Protector also has the authority to appoint successor Trustees . . . .  Notwithstanding the foregoing, the Trust Protector has no authority to remove a child of mine who is then acting as a Trustee nor to appoint me." (emphasis added)); A.3 ("During my lifetime, the Trust Protector has the authority to amend the provisions of the trust with regard to how the beneficiaries will benefit from the trust, and to amend the trust administrative provisions.  The Trust Protector has no authority, however to amend the trust with regard to the identities of the beneficiaries." (emphasis added)); A.4-5 ("4.  The Trust Protector has the authority to appoint Distribution Committee members and to remove [such] members.  The Trust Protector has the authority to appoint Investment Committee members and to remove [such] members. 5.  Notwithstanding the foregoing, the Trust Protector has no authority to remove a child of mine who is then serving as a member of

9

the Distribution Committee or the Investment Committee nor to appoint me to serve as a Distribution Committee member or an Investment Committee member." (emphasis added)).  In light of the foregoing passages, it is implausible that Keith intended the trust protector's broad power to amend the trust's administrative provisions to be limited by another provision which grants a permissive power concerning another subject matter, contains no language of limitation, does not refer to the power to amend administrative provisions, and does not appear in the Trust until several sections later.

Next, § A.8, by its very terms, only applies to actions that "<u>irrevocably</u> release, renounce, suspend, or modify to a lesser extent" any power under the Trust.  Trust Art. VI, § A.8 (emphasis added).  There is nothing to indicate that the amendment at issue is irrevocable.  In fact, Schwartz, under his power to amend the Trust's administrative provisions, could easily amend the trust protector removal provision again and could even change it back to its original language.

Even assuming that the actions taken under § A.8 were not required to be irrevocable, the Wellin children's interpretation of § A.8 is still problematic.  By its terms, § A.8 allows the trust protector to "release, renounce, suspend, or modify to a lesser extent <u>any or all powers and discretions conferred under this instrument</u>."  Trust Art. VI, § A.8 (emphasis added).  Nothing in § A.8 limits such a modification to the powers of the trust protector and, considering the tax implications of the provision, such a reading would make no sense.  Therefore, it is clear that § A.8 allows the trust protector to modify the powers and discretions conferred to <u>any</u> person under the Trust, whether trustee, beneficiary, or trust protector.  That is exactly what Schwartz did here – he modified to a lesser extent the Wellin children's power to remove the trust protector.  The

10

Wellin children's contention that § A.8 can only be used to reduce power and not to increase power leads to an absurd result – a provision with no language of limitation would prevent the trust protector from carrying out an action which that same section explicitly permits him to perform. In fact, if power is a zero-sum game and § A.8 cannot be used to increase power, both of which the Wellin children argue, then § A.8 becomes meaningless because anything the trust protector does to reduce one person's power would increase another person's power.

By its plain language, § A.8 does not apply to invalidate Schwartz's amendment. The Trust, as written, clearly indicates that Keith intended the trust protector to have broad powers to amend the Trust's administrative provisions. Because it is the duty of this court to interpret the Trust as written to ascertain and give effect to the settlor's intention, Stevenson, 605 N.W.2d at 821, no further analysis is required.

However, two additional considerations also favor McDevitt's interpretation of the two provisions at issue. First, Keith was alive when the amendment was made and until his death ten months later Keith retained the power, even under the amended provision, to remove the trust protector. The fact that Keith did not act to remove Schwartz after he amended the Trust is evidence that Schwartz was not acting contrary to Keith's intentions by amending the Trust. Second, Schwartz's amendment to the removal provision will not, as the Wellin children fear, allow him to "act with impunity, with no fear of removal." Defs.' Mot. 7. Rather, South Dakota law provides that

> Any fiduciary who fails or neglects to comply with the provisions of this chapter is subject to removal by the court and is liable to any beneficiary for all damages sustained by the beneficiary resulting from such noncompliance and shall also forfeit all right to compensation as the fiduciary during the period of such noncompliance unless it is shown, to the satisfaction of the court fixing such compensation, that such failure to

11

comply was inadvertent and not intentional and was with reasonable excuse and that the fiduciary has performed his or her duties diligently, faithfully, and efficiently.

S.D. Codified Laws § 21-22-26. "Fiduciary," as used in § 21-22-26, is defined as "a trustee, custodian, trust advisor, <u>trust protector</u>, or trust committee, as named in the governing instrument or order of court, regardless of whether such person is acting in a fiduciary or nonfiduciary capacity." S.D. Codified Laws § 21-22-1(3) (emphasis added). While Schwartz's amendment without a doubt gives the trust protector more power, it does not give him the ability to do anything he wants or to neglect his fiduciary duties.

Schwartz was acting within his powers as trust protector when he amended the Trust's trust protector removal provision. Because the Wellin children did not comply with the amended provision in purporting to remove Schwartz and replace him with Hellman, their removal was invalid and Hellman's subsequent removal of McDevitt as trustee was similarly invalid. McDevitt remains a trustee of the Trust with standing to pursue this action. Therefore, the court denies the Wellin children's motion to dismiss.

## IV.   CONCLUSION

Based on the foregoing, the court **DENIES** defendants' motion to dismiss.

**AND IT IS SO ORDERED**.

 

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**February 11, 2014**
**Charleston, South Carolina**

12