**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| WENDY WELLIN, *as the Special Administrator of the Estate of Keith S. Wellin and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001,* | ) ) ) ) ) ) | |
| | ) | No. 2:13-cv-1831-DCN |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| PETER J. WELLIN, *et. al.,* | ) ) ) | |
| Defendants. | ) | |
| LARRY S. McDEVITT, *as Trustee of the Wellin Family 2009 Irrevocable Trust,* | ) ) ) | No. 2:13-cv-3595-DCN |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| PETER J. WELLIN, *et. al.*, | ) ) | |
| Defendants. | ) | |
| PETER J. WELLIN, *et. al.*, | ) ) | |
| Plaintiffs, | ) ) | No. 2:14-cv-4067-DCN |
| vs. | ) ) | |
| WENDY WELLIN, *individually and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2011*, | ) ) ) ) | **ORDER** |
| Defendant. | ) ) | |

These matters are before the court on the recommendations contained in:

Special Master William L. Howard's report and recommendation re: plaintiff

Schwartz/McDevitt's motion to compel and plaintiff Wendy Wellin's motion to

1

compel, ECF No. 382,[1] dated December 4, 2015 (the "R&R"). Pursuant to the R&R, the Special Master recommended that:

1. The court find that the email listed on defendant Wellin children's ("defendants") privilege log as CP_Priv_000064 is not protected from disclosure, with the exception of the reference to statements made by Robert Brunson of Nelson Mullins Riley and Scarborough, which are protected by the attorney-client privilege and are subject to redaction;

2. The court find that the document listed on defendants' privilege log as PW_Priv_00009-11 is protected from disclosure by the attorney-client privilege; and

3. The court find that the documents listed on defendants' privilege log as PW_Priv_000078-79 and PW_Prive_000113-14 are not protect from disclosure by the attorney-client privilege.

As stated in the court's February 17, 2015 Order Appointing Special Master (ECF No. 270), the court may "adopt or affirm, modify, wholly or partly reject or reverse or resubmit" the Special Master's order. Fed. R. Civ. P. 53(f)(1). The Order Appointing Special Master further specifies that:

Any party objecting to a recommendation or order by the special master must notify the special master, the court, and all other interested parties of its intention to raise an objection (by facsimile or electronic mail) within five business days after receiving the special master's written recommendation. Thereafter, the said objection must be raised with the court within twenty days of the receipt (by facsimile or electronic mail) of the special master's written recommendation or order. If no party submits an intention to challenge the special master's written recommendation or order within five business days, the court may adopt the recommended ruling as its order on the disputed issue.

ECF No. 270 at 5–6.

**No party submitted notice of its intention to file an objection to the Special Master's R&R within the required time period and no such objection has been filed**. Accordingly, the Special Master's R&R is **ADOPTED**, and

---

[1]    All ECF No.'s refer to civil action number 2:13-cv-1831-DCN, unless otherwise specified.

plaintiffs' motions to compel are **GRANTED IN PART** and **DENIED IN PART** in

accordance with the Special Master's recommendations.

       **AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 15, 2016**
**Charleston, South Carolina**

3