# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| LARRY S. McDEVITT, *as Trustee of the Wellin Family 2009 Irrevocable Trust*, | )<br>)<br>) |
| Plaintiff, | ) No. 2:13-cv-3595-DCN<br>)<br>) |
| vs. | ) **ORDER**<br>) |
| PETER J. WELLIN, *et. al.*, | )<br>)<br>) |
| Defendants. | ) |

This matter is before the court on plaintiff Larry S. McDevitt ("McDevitt") and counterclaim defendant Lester S. Schwartz's ("Schwartz," together with McDevitt the "trust plaintiffs") motion for payment of interim trustee fees, trust protector fees, and attorneys' fees and expenses, and for segregation of trust assets or funds for payment of ongoing or future fees and expenses. ECF No. 315 (Pls.' Mot.). The trust plaintiffs ask the court to order: (i) payment/reimbursement of the interim trustee fees, trust protector fees, and attorneys' fees and costs from the trust or its assets; and (ii) segregation and preservation of sufficient trust assets or funds to pay the ongoing and future trust protector fees, trustee fees, and attorneys' fees and costs.

For the following reasons, the court denies the trust plaintiffs' motion.

## I.  BACKGROUND

As the parties are familiar with the facts of this litigation, the court will dispense with a comprehensive review and focus only on the facts relevant to the instant motion.

1

On November 2, 2009, Keith Wellin ("Keith") created the Wellin Family 2009 Irrevocable Trust (the "Trust") for the benefit of his children and grandchildren. Pls.' Mot. ¶ 1. In late 2013, defendants Peter J. Wellin, Cynthia W. Plum, and Marjorie W. King (the "Wellin children"), acting as co-trustees, liquidated and distributed over $95.6 million of the Trust's estimated $154 million in assets to themselves. Id. ¶ 4. On December 17, 2013, then-plaintiff Schwartz, acting as trust protector, initiated the present action, claiming that the Wellin children's liquidation of the Trust assets was both tortious and in violation of the Trust. Id. ¶ 6. The action also seeks to remove the Wellin children from their positions as co-trustees. Id. Notably, at the time Schwartz was hired by Keith as trust protector, and at all times since, Keith has pursued a separate action—Wellin v. Wellin et. al., 2:13-cv-1831—seeking to declare the Trust void ab initio.[1] Defs.' Response 3. Recognizing this conflict, Keith released any claims he may have against Schwartz for reimbursement of Schwartz's fees and attorney fees in the event Keith's separate action is successful. Id. at Ex. D.

In May 2014, after this court found that Schwartz did not qualify as a real party in interest and dismissed the instant action, Schwartz exercised his powers under the Trust and appointed McDevitt as an additional trustee. Pls.' Mot. ¶ 11. McDevitt quickly ratified the commencement of this action. Id. On October 10, 2014, McDevitt filed a new complaint seeking actual and punitive damages from the Wellin children and asserting a cause of action for the recovery of attorney's fees.

---

[1] Following Keith's death in September 2014, Keith's wife, Wendy Wellin ("Wendy") has maintained the action in her capacity as Special Administrator of the Estate of Keith S. Wellin and as Trustee of the Keith S. Wellin Florida Revocable Trust u/a/d December 11, 2001.

Defs.' Response 9. The Wellin children counterclaimed that Schwartz was not properly appointed trust protector because Keith lacked capacity at the time of his appointment, and that Schwartz was "subordinate" to Keith in violation of the Trust requirements. Id. at 10. The Wellin children also seek to have the trust plaintiffs removed from their fiduciary positions based on various actions taken in bad faith and against the best interests of the Trust. Id.

The Wellin children are currently holding the distributed Trust assets in certain UBS accounts, and have used millions of dollars in Trust assets to pay their own attorneys, experts, and consultants in this litigation. Pls.' Mot. ¶ 34. The trust plaintiffs and their attorneys have not been paid or reimbursed by the Trust. Id. However, the trust plaintiffs and their attorneys are being paid, pursuant to letter agreements between Keith and the trust plaintiffs, which provide that Keith will pay the trust plaintiffs' fees and expenses, and their attorneys' fees. Defs.' Response Exs. E & F. The letter agreements further state that these advances must only be repaid to the extent the trust plaintiffs are able to recover such fees from the Trust assets or the Wellin children. Id.

On June 17, 2015, the trust plaintiffs filed the instant motion seeking: (i) confirmation that the trust protector fees, trustee fees, attorneys' fees and costs are properly payable out of the Trust assets, (ii) payment of trust plaintiffs' fees out of the Trust assets, (iii) payment of trust plaintiffs' attorneys' fees out of Trust assets, and (iv) an order requiring the Wellin children to segregate and preserve sufficient Trust assets to fund ongoing and future payments of such fees and compelling the Wellin children to pay such fees no later than thirty (30) days after submission for payment

using personal funds or funds of the Trust. The Wellin children responded to the trust plaintiffs' motion on July 6, 2015, and the trust plaintiffs replied on July 16, 2015. The motion is now ripe for the court's review.

## II.   DISCUSSION

### A.   Appropriate Standard[2]

At the outset, the parties disagree on the nature of the instant motion, and consequently, on the standard to be applied. The trust plaintiffs contend that the court may award the requested fees directly under South Dakota Codified Laws § 55-3-20.1.[3] Pls.' Mot. ¶ 18; Pls.' Reply 2–3. That section provides authority for a trust protector or co-trustee to "request the court to remove a trustee," and further states that: "[p]ending a final decision on a request to remove a trustee, the court may order such appropriate relief as may be necessary to protect the trust property or the interests of the beneficiaries." S.D. Codified Laws § 55-3-20.1. The trust plaintiffs argue that because they are authorized to prosecute the instant action in their capacities as co-trustee and trust protector, and because they are entitled to reasonable compensation for the performance of their duties,[4] the court should award the

---

[2]   Because the appropriate standard is a disputed issue, the court has included it in the discussion section.
[3]   The Trust is governed by South Dakota law. Trust Art. III.
[4]   In addition to their authority under S.D. Codified Laws § 55-3-20.1, the trust plaintiffs point to a variety of Trust provisions authorizing them to: (i) hire legal counsel to advise and defend the trust protector concerning matters related to the Trust, Trust Art. VI.A.7; (ii) represent the Trust in any action brought by or against the Trust where a trustee is also a party, id. at Art. VI.A.3; and (iii) do anything necessary or advisable for the proper administration of the Trust, id. at Art. XII.A.

The trust plaintiffs also note that the Trust grants trustees the "full power and authority" provided under the South Dakota Trust Powers Act, id., which appears to be a reference to S.D. Codified Laws § 55-1A-32, granting trustees the authority to prosecute actions for the protection of trust assets. S.D. Codified Laws § 55-1A-32.

requested fees as the "appropriate relief" contemplated by § 55-3-20.1. Pls.' Reply 2–4.

The Wellin children do not directly dispute the trust plaintiffs' reading of South Dakota law or the trust instrument. Instead, they dispute the trust plaintiffs' characterization of their motion, arguing that the motion is properly construed as a motion for a preliminary injunction, and therefore, the trust plaintiffs must make a clear showing that: (i) they are likely to succeed on the merits; (ii) they are likely to suffer irreparable harm in the absence of preliminary relief; (iii) the balance of the equities tips in their favor; and (iv) the injunction is in the public interest. Defs.' Response 13–14; see also Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

To demonstrate that the instant motion seeks injunctive relief, the Wellin children point to the court's January 7, 2014 order denying Schwartz's motion for a preliminary injunction prohibiting the Wellin children from disposing of liquidated Trust assets. ECF No. 15. In that decision, the court rejected Schwartz's argument that § 55-3-20.1 allows the court to impose a preliminary injunction without applying the four-pronged Winter test. See ECF No. 15 at 5–6. Though the issue is slightly different here, given the trust plaintiffs' contention that a fee award granted under § 55-3-20.1 does not constitute injunctive relief, the court's prior reasoning remains instructive. In its January 7, 2014 order, the court concluded that § 55-3-20.1 "simply codifies a court's inherent power by reiterating that the court may award appropriate relief to the parties before it." Id. This conclusion indicates that, contrary to the trust

plaintiffs' theory, § 55-3-20.1 does not provide an independent basis for any court action, but simply confirms the availability of the court's general equitable power.

Courts have defined injunctive relief as essentially equitable in nature. See Winter, 555 U.S. at 24 (stating that "[a] preliminary injunction is an extraordinary remedy never awarded as of right," and "courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction"); Bethesda Softworks, L.L.C. v. Interplay Entm't Corp., 452 F. App'x 351, 354–55 (4th Cir. 2011) ("Despite the differences between preliminary and permanent injunctive relief, the same equitable principles undergird courts' authority in each posture."); Westar Energy, Inc. v. Lake, 552 F.3d 1215, 1222 (10th Cir. 2009) (noting that the district court "explicitly invoked its equitable powers in granting the prospective relief" in determining that an order constituted injunctive relief). Specifically, injunctive relief has been defined to include "all equitable decrees compelling obedience under the threat of contempt." See Westar Energy, 552 F.3d at 1222; § 2955 Form and Scope of Injunctions or Restraining Orders, 11A Fed. Prac. & Proc. Civ. § 2955 (3d ed.) ("The Supreme Court has indicated that the term "injunction" in Rule 65(d) is not to be read narrowly but includes all equitable decrees compelling obedience under the threat of contempt." (citing Int'l Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n, 389 U.S. 64, 75 (1967))); see also INJUNCTION, Black's Law Dictionary (10th ed. 2014) ("A court order commanding or preventing an action.").

Given the court's prior conclusion that § 55-3-20.1 does not provide the court with an independent source of equitable power, the trust plaintiffs' requested relief is

6

necessarily dependent on the court's inherent equitable authority. The trust plaintiffs' motion also seeks to compel the Wellin children to make certain payments and take certain actions with respect to the Trust assets going forward. Thus, it falls within the definition of injunctive relief outlined above. See Westar Energy, 552 F.3d at 1222 (defining injunctive relief as "all equitable decrees compelling obedience under the threat of contempt"). Moreover, courts have treated similar requests for interim fee awards as requests for preliminary injunctive relief, even when they were not labelled as such. See Id. (finding that district court order requiring the advancement of past and future legal fees incurred in defendant's criminal defense constituted injunctive relief); see also Farkas v. Nat'l Union Fire Ins., Co. of Pittsburgh, Pa, 2011 WL 2838167, at *1 (E.D. Va. July 14, 2011) (applying Winter test to motion requesting preliminary injunction "requiring [defendant insurer] to continue to pay [plaintiff's] attorney's fees and costs . . . in defending against a criminal prosecution"); Clouser v. Ion Beam Applications, Inc., 2004 WL 540514, at *5 (N.D. Cal. Mar. 18, 2004) (assessing a motion for preliminary injunction asking the court to compel the defendant to "pay the attorneys' fees [plaintiff] has incurred to date and to continue to pay such fees in a timely fashion").

The trust plaintiffs contend that the instant motion does not request injunctive relief, citing a number of cases holding that 28 U.S.C.A. § 1292—which allows for appeals from interlocutory injunctive orders—does not apply to interim fee awards. Pls.' Reply 3–4; see also Hastings v. Maine-Endwell Cent. Sch. Dist., New York, 676 F.2d 893, 896 (2d Cir. 1982) (clarifying that a temporary award of attorney's fees did not constitute injunctive relief that was appealable under § 1292); Nosik v. Singe, 40

F.3d 592, 597 (2d Cir. 1994) (same); F.D.I.C. v. Keller, 42 F.3d 1399 (9th Cir. 1994) (declining to review an allowance of interim fees even though it was cast as a preliminary injunction). However, § 1292 only applies to a limited set of "injunctions." Chronicle Pub. Co. v. Hantzis, 902 F.2d 1028, 1030 (1st Cir. 1990) ("[N]ot every order in the form of an injunction is an injunction for purposes of interlocutory appeal under . . . § 1292(a)(1)." (quoting Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 880 (1st Cir.1983))); see also U.S. ex rel. Rahman v. Oncology Associates, P.C., 198 F.3d 502, 507 (4th Cir. 1999) (explaining that an order commanding or prohibiting specific conduct was either an injunction or mandamus, but "of course, not all orders commanding conduct are injunctions of the type that Congress intended to make appealable under § 1292(a)(1)"). Therefore, even if the trust plaintiffs could demonstrate that the requested relief was not subject to immediate appeal under § 1292, such relief might still be considered "injunctive," and therefore, subject to the requirements of Winter.

  Moreover, to the extent the trust plaintiffs' § 1292 argument is relevant, there is reason to think the requested relief would fall within the class of injunctions subject to that statute. Unlike orders issued under express statutory authority, orders issued pursuant to the equitable powers of the district courts are considered "injunctions" within the scope of § 1292. See Korea Shipping Corp. v. New York Shipping Ass'n, 811 F.2d 124, 126 (2d Cir. 1987) ("[W]hen it provided for interlocutory appeals of preliminary 'injunctions,' Congress meant orders issued pursuant to the equity powers of the district courts, not those issued under statutes providing for preliminary relief."). The fact that trust plaintiffs' requested relief ultimately relies on the court's

underlying equitable authority, as discussed above, suggests that such relief would be considered an "injunction" within the meaning of § 1292. See Westar Energy, 552 F.3d at 1222 (distinguishing Korea Shipping, where interim payments were required by statute, and finding that an action seeking to enforce contractual right to interim attorney fees was equitable in nature, and therefore, constituted an "injunction" within the meaning of § 1292).

Therefore, the court finds that the trust plaintiffs' motion constitutes a request for preliminary injunctive relief.[5] As such, the trust plaintiffs must demonstrate that: (i) they are likely to succeed on the merits; (ii) they are likely to suffer irreparable harm in the absence of preliminary relief; (iii) the balance of the equities tips in their favor; and (iv) the injunction is in the public interest. See Winter, 555 U.S. at 20.

The court further finds that it must apply a heightened standard in assessing each Winter factor, because the trust plaintiffs request a mandatory, rather than prohibitory, injunction. "[A] preliminary injunction's tendency to preserve the status quo determines whether it is prohibitory or mandatory." Pashby v. Delia, 709 F.3d 307, 320 (4th Cir. 2013). Whereas "prohibitory injunctions aim to maintain the status quo," id. at 319, "[m]andatory preliminary injunctions generally do not [] and normally should be granted only in those circumstances when the exigencies of the

---

[5] The court notes that even if it found that the instant motion did not seek preliminary injunctive relief, the trust plaintiffs would still be required to demonstrate that the requested relief was "appropriate" and "necessary" within the meaning of § 55-3-20.1. The trust plaintiffs have offered little detail as to how the court should go about making this determination, though they have noted that the crucial, final paragraph of § 55-3-20.1 is based on § 706(c) of the Uniform Trust Code, which authorizes the court to "award attorneys' fees as justice and equity may require." Such language suggests that even if the Winter factors were inapplicable, the court would have wide discretion to determine whether the proposed relief is "appropriate" and "necessary" to protect the trust property or the interests of beneficiaries.

situation demand such relief." E. Tennessee Nat. Gas Co. v. Sage, 361 F.3d 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir.1980)); Vollette v. Watson, 2012 WL 3026360, at *3 (E.D. Va. July 24, 2012) ("The [standard outlined in Winter] becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of preliminary injunction that merely preserves the status quo pending trial.") (emphasis in original). In determining the nature of a preliminary injunction, the Fourth Circuit defines the "status quo" as the "last uncontested status between the parties which preceded the controversy." Pashby, 709 F.3d at 320 (quoting Aggarao v. MOL Ship Mgmt. Co., 675 F.3d 355, 378 (4th Cir. 2012)).

The trust plaintiffs make no effort to argue that their motion requests prohibitory, rather than mandatory, injunctive relief and it is clear that any such argument would be futile. The trust plaintiffs' motion seeks to compel the Wellin children to transfer money directly to the trust plaintiffs and segregate Trust assets for future transfer. This arrangement does not reflect any prior "uncontested status" between the parties. Indeed, the motion seeks reimbursement for costs and fees largely incurred while pursuing the contest itself. Thus, the trust plaintiffs request a mandatory preliminary injunction, and as such, the court must apply a heightened standard of review. See E. Tennessee Nat. Gas Co., 361 F.3d at 828.

### B.     Irreparable Harm

"Plaintiffs seeking either a temporary restraining order or a preliminary injunction must establish all four [Winter elements]." Smith v. S. Carolina Election Comm'n, 874 F. Supp. 2d 483, 497 n.15 (D.S.C. 2012). It is not necessary to conduct

10

a thorough analysis of each Winter element where a party has failed to make a clear showing that they are likely to suffer irreparable harm in the absence of preliminary relief.  See Field v. McMaster, 663 F. Supp. 2d 449, 454 (D.S.C. 2009)[6] (focusing exclusively on the irreparable harm element of the Winter test and noting that "[a] showing of irreparable injury is mandatory even if the plaintiff has already demonstrated a strong showing on the probability of success on the merits" (citing Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in part, 607 F.3d 355 (4th Cir. 2010))).

    Here, the trust plaintiffs contend that they will suffer irreparable harm because their claims against the Wellin children, if successful, will require the Wellin children to pay back $42 million more than they took out of the Trust, based on lost appreciation value.  Pls.' Reply 9–11.  Thus, the trust plaintiffs contend, they will not be able to recover their fees through a money judgment at the conclusion of this litigation because the full amount of the Wellin children's liability will render them insolvent.  Id. at 11.  Assuming the trust plaintiffs correctly assert that injunctive relief is proper in such circumstances, see U.S. ex rel. Taxpayers Against Fraud v. Singer Co., 889 F.2d 1327, 1330 (4th Cir. 1989) (stating that "[p]reliminary injunctions are permitted in situations . . . where the plaintiff alleged that the principal defendant" is in financial peril), their argument remains problematic for a number of reasons.

---

[6] The cited section originally appeared in Magistrate Judge Bruce Howe Hendricks's August 25, 2009 Report and Recommendation which was later adopted by the district court. Field v. McMaster, 663 F. Supp. 2d at 453.

First, this argument assumes that the trust plaintiffs will not be able to receive payment of their fees from any sums recovered from the Wellin children, because: (i) the trust beneficiaries will have a superior claim to any such sums; and (ii) such sums will be insufficient to pay the entire final judgment. Accepting this as true, allowing the trust plaintiffs to extract their fees prior to the final judgment simply operates to reduce the amount ultimately recovered by the Trust beneficiaries, thereby subverting the assumed hierarchy of claims on the recovered assets. If the trust plaintiffs would have no legal entitlement to recover their fees from the trust assets at the end of the litigation, it is not clear how they are irreparably harmed by their inability to do so now.

More importantly, there is no real risk that the trust plaintiffs will go unpaid in this case because the letter agreements obligate Wendy, as Keith's successor, to pay the trust plaintiffs' fees and expenses, and their attorneys' fees, subject to Wendy's right to be repaid for such advancements out of funds recovered from either the Trust or the Wellin children. Defs.' Response Ex. E (advancing fees to Schwartz and counsel, "provided, however, that [Keith] shall be repaid for such advancement from funds recovered from the Trust or the [Wellin children]"); Defs.' Response Ex. F ("[Keith] will compensate [McDevitt] and [McDevitt's] counsel subject to reimbursement . . . [Keith] will, however, only seek reimbursement from [McDevitt] to the extent that [McDevitt has] been compensated by the Trust."). If the Wellin children are unable to pay the final judgment against them, Wendy will be unable to recover the advanced fees, but the trust plaintiffs will not be required to return them to her. Defs.' Response Exs. E & F. This result cannot be construed as irreparable

12

harm to the trust plaintiffs. Granting the trust plaintiffs' motion will not have any real effect on their interests; it will simply provide a windfall to Wendy, at the expense of the trust beneficiaries.

Therefore, the court finds that the trust plaintiffs have failed to show that they are likely to suffer irreparable harm even under the ordinary preliminary injunction standard, much less the heightened standard required for mandatory injunctive relief. Consequently, the trust plaintiffs are not entitled to preliminary injunctive relief under Winter v. Natural Res. Def. Council, Inc., 555 U.S. at 20.

### IV.   CONCLUSION

For the foregoing reasons, the court **DENIES** the trust plaintiffs' motion.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 15, 2016**
**Charleston, South Carolina**