# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| LARRY S. MCDEVITT, as Trustee of the Wellin Family 2009 Irrevocable Trust, | ) ) ) | |
| Plaintiff, | ) ) | No. 2:13-cv-03595-DCN |
| vs. | ) ) ) | **ORDER** |
| PETER J. WELLIN, CYNTHIA W. PLUM, and MARJORIE W. KING, Individually and as Co-Trustees, Distribution Committee Members, Investment Committee Members, and Beneficiaries of the Wellin Family 2009 Irrevocable Trust; FRIENDSHIP MANAGEMENT LLC; and CYNTHIA W. PLUM, as Manager of Friendship Management LLC, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| PETER J. WELLIN, CYNTHIA W. PLUM, and MARJORIE W. KING, as Co-Trustees of the Wellin Family 2009 Irrevocable Trust, | ) ) ) ) | |
| Counterclaim Plaintiffs, | ) ) | |
| vs. | ) ) | |
| LESTER S. SCHWARTZ, as Trust Protector of the Wellin Family 2009 Irrevocable Trust u/a/d/ November 2, 2009; and WENDY C.H. WELLIN, as Special Administrator of the Estate of Keith S. Wellin, | ) ) ) ) ) ) | |
| Counterclaim Defendants. | ) ) | |

This matter is before the court on the Report and Recommendation ("R&R") of

Special Master William L. Howard recommending that plaintiff Larry S. McDevitt's

("McDevitt") motion to compel be denied, ECF No. 348. For the reasons set forth below, the court adopts the R&R with modifications and denies the motion to compel.

## I. BACKGROUND

Because the parties are well-acquainted with this case, the court will dispense with a recitation of facts and include only a procedural history of the matters at hand.

On May 7, 2014, Lester S. Schwartz ("Schwartz") filed a motion compel seeking the production of certain information and documents from defendants Peter J. Wellin, Cynthia W. Plum, and Marjorie W. King (collectively, "the Wellin Children"). ECF No. 83. The motion was ratified by McDevitt upon his substitution as party-plaintiff in this action. The Special Master held a hearing on April 21, 2015 and heard arguments on several motions, including McDevitt's motion to compel. At that hearing, the Special Master instructed the parties to submit supplemental briefing on the privilege issue that is the subject of this order.

In the meantime, on July 2, 2015, the Special Master issued his Report & Recommendation ("R&R") on the matters argued at the April 21, 2015 hearing, with the exception of the privilege issue on which the parties submitted supplemental briefing. ECF No. 316. The Special Master subsequently issued an amended R&R on July 31, 2015, ECF No. 329, but this amended R&R still did not address the privilege issue in the supplemental briefing. The parties filed objections to the amended R&R, and the court issued on order on the objections on September 30, 2015. ECF No. 360.

The parties submitted their supplemental briefings in May and June of 2015, and the Special Master held a hearing on the briefings on August 5, 2015. On August 28, 2015, the Special Master issued an R&R on the supplemental briefing. ECF No. 345.

The R&R considered whether communications between the Wellin Children and their

current legal counsel, Nelson Mullins Riley and Scarborough ("Nelson Mullins"), should

be produced pursuant to the fiduciary exception to the attorney-client privilege in the

context of a co-trustee.  The R&R aptly summarized the arguments before the Special

Master, stating:

> In this motion, Plaintiff McDevitt argues that he is entitled to the privileged
> communications between the Defendant Wellin Children, serving as
> trustees under the Wellin Family 2009 Irrevocable Trust, and their current
> legal counsel, Nelson Mullins, based upon his status as a co-trustee.
>
> Defendants acknowledged in their answer to interrogatories that they
> received advice from their current counsel in making the decision to sell the
> BRK stock and distribute the proceeds, and in the handling of the
> transaction following the events of November 20, 2013.  Plaintiff McDevitt
> asserts that these transactions involve matters of trust administration, and as
> a co-trustee, he is entitled to have access to the attorney-client
> communications between Nelson Mullins and his co-trustees, the Defendant
> Wellin children.

ECF No. 345 at 3.  The R&R began its consideration of this issue by first determining

that South Dakota privilege law applied to the privilege analysis.  The R&R then

explained that South Dakota has not adopted or rejected a fiduciary exception to attorney-

client privilege, but that even if South Dakota did recognize the exception, it would not

apply here.  The R&R determined that the exception only applied to attorney-client

communication related to trust administration and not to advice sought by in a trustee in a

personal capacity that is unrelated to trust administration.  The R&R also determined that

the exception does not apply once a trustee has become clearly adverse to a co-trustee.

The R&R found that the Wellin Children obtained advice from Nelson Mullins

"regarding their defense in the adversarial legal proceedings commenced by Keith

Wellin, and specifically, in relation to their sale of trust assets and distribution of those

assets from the trust," and that advice was "procured for the benefit of the Defendants,

and not for the benefit of their adversary." Id. at 13. The R&R then explained that the

advice that the Wellin Children received from Nelson Mullins after Keith Wellin filed

suit against them is "inextricably intertwined with the actions [the Wellin Children] took

regarding the assets of the trust," and as such any advice regarding the trust assets is not

separable for disclosure. Id. In conclusion, the R&R concluded that a fiduciary

exception did not apply and recommended that the court deny McDevitt's motion to

compel.

McDevitt and Schwartz filed objections to the R&R on September 17, 2015. ECF

No. 348. The Wellin Children filed their response to the objections on October 15, 2015,

ECF No. 375, and McDevitt and Schwartz filed a reply on October 30, 2015. ECF No.

389. The court has not yet issued an order on these objections and takes the opportunity

to do so now.

## II. STANDARD

In reviewing a special master's order, report, or recommendation, the court may

"adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master

with instructions." Fed. R. Civ. P. 53(f)(1). The court is required to review all objections

to any findings of fact or conclusions of law made or recommended by a special master

de novo. Fed. R. Civ. P. 53(f)(3), (4). However, the special master's rulings on

procedural matters will only be set aside for abuse of discretion. Fed. R. Civ. P. 53(f)(5).

The Federal Rules of Civil Procedure provide that a party may "obtain discovery

regarding any non-privileged matter that is relevant to any party's claim or defense,

including the existence, description, nature, custody, condition and location of any books,

documents or other tangible things and the identity and location of persons who know of

any discoverable matters." Fed. R. Civ. P. 26(b)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by forbidding or limiting the scope of discovery. Fed. R. Civ. P. 26(c)(1). "The scope and conduct of discovery are within the sound discretion of the district court." Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co., 56 F.3d 556, 568 n.16 (4th Cir. 1995) (citing Erdmann v. Preferred Research, Inc. of Ga., 852 F.2d 788, 792 (4th Cir. 1988)); see also U.S. ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) (stating that district courts are afforded "substantial discretion . . . in managing discovery").

### III. DISCUSSION

McDevitt and Schwartz make several objections to the R&R. First, they argue that the Special Master erred in relying on law applying the fiduciary exception to attorney-client privilege because that exception solely applies when a beneficiary seeks disclosure of the communications, and here, McDevitt is seeking access to the communications as a co-trustee, not a beneficiary. They contend that, given the nature of the role of a trustee, co-trustees are entitled to privileged information obtained by other co-trustees. In addition, McDevitt and Schwartz object to the R&R's holding that the overlap between the Wellin Children's personal communications and trust administration communications with Nelson Mullins justifies the withholding of all communications. They argue that the Wellin Children, as the proponent of the privilege, failed to carry their burden in showing that their communications were all personal in nature and

unrelated to trust administration. Notably, McDevitt and Schwartz do not object to the Special Master's application of South Dakota law.

In response, the Wellin Children argue that the Special Master correctly found that the fiduciary exception does not apply here, particularly because at the time of the communications, the Wellin Children were in an adversarial posture to Schwartz and McDevitt. The Wellin Children then argue that South Carolina, not South Dakota, law applies, and that because South Carolina has statutorily abolished the fiduciary exception, McDevitt and Schwartz's motion to compel must be denied. The court first addresses the choice-of-law issue and then considers whether the Wellin Children's communications are protected by attorney-client privilege under the applicable state law.

**A. Choice of Law**

At the outset, the court notes that the Wellin Children did not raise their choice-of-law argument in an objection to the R&R, but instead raised it in their response to McDevitt and Schwartz's objection to the R&R. For this reason, McDevitt and Schwartz argue that the Wellin Children have waived their argument that South Carolina, not South Dakota, law applies. While the court certainly does not condone the procedural manner in which the Wellin Children raised this argument, the court deems it appropriate to address for several reasons. First, the application of the correct law to this issue will ensure a legally sound decision. Moreover, a previous R&R in this case applied South Carolina law, as opposed to South Dakota law, to a privilege issue related to the Wellin Children's communication with Nelson Mullins regarding the sale and distribution of trust assets. ECF No. 329 at 32–33. This court adopted that portion of the R&R. See ECF No. 360. Now faced with an inconsistent finding that South Dakota law applies to a

6

related privilege dispute, the court finds it necessary to delve into this choice-of-law issue

and determine whether it should apply South Carolina or South Dakota law.[1]

The R&R found that South Dakota law applied because the Wellin Family 2009

Irrevocable Trust contains a choice-of-law provision specifying that South Dakota law

applies to "the interpretation and validity of the provisions of [the trust] and all questions

related to the management, administration and investment of the trusts hereby created."

ECF No. 346 at 4.  However, this finding assumes that the trust's choice-of-law provision

also applies to privilege issues that are related to the trust.  When faced with similar facts,

courts have reached the opposite conclusion and determined that choice-of-law

provisions that govern the substance of an instrument do not encompass privilege issues

related to the instrument.  See Harrisburg Authority v. CIT Capital USA, Inc., 716 F.

Supp. 2d 380, 391-392 (M.D. Pa. 2010) (finding that the choice-of-law provision "only

establishes that Pennsylvania law shall apply to legal issues related to the [contract]; it

notably does not establish the applicability of Pennsylvania law to issues collateral to the

contract"); Abbott Laboratories v. Alpha Therapeutic Corp., 200 F.R.D. 401, 404 (N.D.

Ill. 2001) ("Notwithstanding Alpha's contention that California law applies to this

---

[1] South Carolina has abolished the fiduciary exception to attorney-client privilege, while South Dakota has not adopted or rejected the exception.  The Wellin children argue that the court need only conduct a choice-of-law analysis if the court determines that South Dakota would adopt the fiduciary exception and if the court found that the exception does apply here.  In other words, they argue that a choice-of-law analysis is only necessary if there is an actual conflict between South Dakota and South Carolina law and between the results of the application of the laws.  However, because South Dakota has not adopted or rejected the fiduciary exception, this approach would require the court to determine if South Dakota would adopt the exception.  By addressing the choice-of-law analysis first, which ultimately determines that South Carolina law applies, the court need not embark on the endeavor of divining how South Dakota courts would decide this issue.

discovery dispute, pursuant to the governing law provision in the Agreement between the

parties, Illinois law supplies the rule of decision regarding the attorney-client privilege.");

Hercules, Inc. v. Martin Marietta Corp., 143 F.R.D. 266, 268 (D. Utah 1992) (finding that

the choice-of-law provision in a contract did not apply to privilege issues related to the

contract).  The court is convinced by the reasoning articulated in these cases.  While

South Dakota law governs the substantive legal issues related to the Wellin Family 2009

Irrevocable Trust, the attorney-client privilege issue currently before the court is a

discovery issue that is only collateral to the trust.  Indeed, the issue is about

communications related to the trust and its assets, not about the trust itself.  Therefore, the

court finds that the choice-of-law provision in the Wellin Family 2009 Irrevocable Trust

plays no role in determining which state law applies to the attorney-client privilege

question presented here.

Instead, the court must conduct a traditional choice-of-law analysis under South

Carolina law.  See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)

(holding that a federal court tasked with applying state law must apply the forum state's

choice of law rules).  This court has done exactly that in one of its previous orders in this

case.  Wellin v. Wellin, 211 F. Supp. 3d 793, 800 (D.S.C. 2016), order clarified, WL

3620061 (D.S.C. Aug. 23, 2017).[2]  The court concluded that Restatement (Second) of

Conflict of Laws § 139 ("Second Restatement") should be applied to determine which

law governs attorney-client privilege.  Section 139 provides:

> Evidence that is privileged under the local law of the state which has the
> most significant relationship with the communication but which is not

---

[2] The court is cognizant of the fact that this order was issued after the parties
completed their briefing on the current issue before the court, and that the parties did not
have the benefit of the court's analysis at the time of their briefing.

privileged under the local law of the forum will be admitted unless there is some special reason why the forum policy favoring admission should not be given effect.

To determine which state has the most significant relationship with a particular communication, the court will usually look to the state "where the communication took place." Second Restatement § 139 cmt. e. Alternatively, the Second Restatement suggests looking to the state where the relationship between the parties was centered. Id. The Wellin Children argue that South Carolina is the state with the most significant relationship to the communications at issue because the Nelson Mullins attorneys from whom the Wellin Children sought advice were located in South Carolina. The Wellin Children do not indicate where they were located when the communications occurred. If they were located in South Carolina, then the communication clearly occurred in South Carolina. If they were not located in South Carolina, as the court's previous order on this issue discussed, "the location test is far too equivocal to be of any use." Wellin, 211 F. Supp. 3d at 805.

Assuming the Wellin Children were not located in South Carolina when they communicated with Nelson Mullins, the court instead considers where the parties' relationship is centered. The Wellin Children's relationship with Nelson Mullins is clearly centered in South Carolina. Nelson Mullins represents the Wellin Children in South Carolina litigation in which the Wellin Children are parties. Therefore, the court finds that South Carolina privilege law applies.

**B. Whether the Fiduciary Exception Applies**

Having determined that South Carolina law dictates the privilege issue here, the court must next determine whether the Wellin Children's communications with Nelson Mullins are protected by attorney-client privilege.

South Carolina has expressly abolished the fiduciary exception to attorney-client privilege through § 62-1-110 of the Code of Laws of South Carolina. This statute provides:

> Whenever an attorney-client relationship exists between a lawyer and a fiduciary, communications between the lawyer and the fiduciary shall be subject to the attorney-client privilege unless waived by the fiduciary, even though fiduciary funds may be used to compensate the lawyer for legal services rendered to the fiduciary. The existence of a fiduciary relationship between a fiduciary and a beneficiary does not constitute or give rise to any waiver of the privilege for communications between the lawyer and the fiduciary.

S.C. Code Ann. § 62-1-110. McDevitt and Schwartz argue that § 62-1-110 does not apply here.[3] They contend that the statute is only applicable when a beneficiary seeks access to communication between a trustee and a lawyer, and here, McDevitt is seeking access to the communication as a co-trustee. In making this distinction, McDevitt and Schwartz rely on the fact that § 62-1-110 "expressly rejects the holding" of Riggs Nat'l Bank v. Zimmer, 355 A.2d 709 (Del. Ch. 1976), a case in which a trustee was unable to invoke attorney-client privilege to prevent disclosure to trust beneficiaries. The Wellin Children argue that this distinction is inconsistent with the plain reading of the statute. They argue that the first sentence of the statute contains no limitations related to claims made by beneficiaries but instead broadly states that communications between a lawyer and a fiduciary are protected by attorney-client privilege. Similarly, the Wellin Children contend that the second sentence of the statute does not limit the application of the statute to claims by a beneficiary. Instead, it simply states that attorney-client privilege between a lawyer and a fiduciary is not waived when a fiduciary-beneficiary relationship exists.

---

[3] McDevitt originally made this argument in his briefs that were submitted to the Special Master, but he incorporated those arguments into his reply in support of his objections. ECF No. 389 at 15.

No court has interpreted § 62-1-110; therefore, the court must rely on the plain

language of the statute and the Reporter's Comment to determine if the statute is limited

to only those instances in which beneficiaries seek disclosure of privileged

communications. See State v. Scott, 571 S.E.2d 700, 702 (S.C. 2002) ("The cardinal rule

of statutory construction is a court must ascertain and give effect to the intent of the

legislature."); Georgia-Carolina Bail Bonds, Inc. v. Cty. of Aiken, 579 S.E.2d 334, 336

(S.C. Ct. App. 2003) ("A statute should be given a reasonable and practical construction

consistent with the purpose and policy expressed in the statute."). Turning first to

language of the statute, the first sentence broadly creates a fiduciary-attorney privilege,

stating that "[w]henever an attorney-client relationship exists between a lawyer and a

fiduciary, communications between the lawyer and the fiduciary shall be subject to the

attorney-client privilege unless waived by the fiduciary, even though fiduciary funds may

be used to compensate the lawyer for legal services rendered to the fiduciary." § 62-1-

110. This sentence does not contain any language limiting the privilege to those claims

brought by beneficiaries. The court interprets the final phrase, which clarifies that the

privilege exists "even though fiduciary funds may be used to compensate the lawyer for

legal services rendered to the fiduciary," simply to mean that the communication is

privileged even if it is related to trust administration and paid for by the trust. This is

consistent with abolishing the fiduciary exception to attorney-client privilege, which

permits disclosure of communication related to trust administration.

The second sentence of the statute does include mention of beneficiaries, stating

that "[t]he existence of a fiduciary relationship between a fiduciary and a beneficiary

does not constitute or give rise to any waiver of the privilege for communications

between the lawyer and the fiduciary." § 62-1-110. However, this is not language limiting the privilege to exist only when related to claims by beneficiaries. Instead, the language simply stands for the principle that a fiduciary-beneficiary relationship will not waive the privilege between the fiduciary and a lawyer. In sum, the plain language of § 62-1-110 does not support the limitation that McDevitt and Schwartz seek to impose on it.

The Reporter's Comment also does not indicate that the fiduciary-lawyer privilege only applies when beneficiaries seek disclosure. The Reporter's Comment explains that the statute's purpose is to "(i) expressly reject the concept of a 'fiduciary exception' to any attorney-client privilege; (ii) encourage full disclosure by the fiduciary to the lawyer to further the administration of justice; and (iii) foster confidence between a fiduciary and his lawyer that will lead to a trusting and open attorney-client dialogue." These purposes are broad enough to encompass all claims seeking to compel disclosure of fiduciary-attorney communications, not just claims by beneficiaries. Indeed, none of these stated purposes mention any sort of qualification based on who is seeking disclosure. Moreover, while the Reporter's Comment explains that the statute expressly rejects the holdings of Riggs Nat'l Bank and a South Carolina case applying Riggs Nat'l Bank, both of which involved claims by beneficiaries, the court does not interpret the rejection of the holdings in those cases as limiting the fiduciary-lawyer privilege only to cases involving claims by beneficiaries. The Reporter's Comment simply states that those cases gave rise to the statutory creation of the privilege and abolishment of the fiduciary exception, not that the cases dictate the contours of the privilege.

In conclusion, § 62-1-110 clearly establishes that communications between a lawyer and a fiduciary are attorney-client privileged. Therefore, communications between the Wellin Children and Nelson Mullins are privileged. The court declines the read the statute more narrowly than it is written and impose the condition that the privilege only applies when a beneficiary seeks disclosure of the communication. As such, the court denies McDevitt's motion to compel.

## IV.   CONCLUSION

For the foregoing reasons the court **ADOPTS** the R&R with modifications and **DENIES** the motion to compel.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**September 24, 2019
Charleston, South Carolina**